1  **MAKLER & BAKER LLP**
   Terry L. Baker (214365)
2  tbaker@consumerlawgroup.net
   820 Bay Avenue, Suite 230J
3  Capitola, CA 95010
   Tel:   (831) 476-7900
4  Fax:   (831) 476-7906

5  Attorneys for Plaintiff
   CHIYEKO PAYSINGER
6

7

8

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12
   CHIYEKO PAYSINGER, an                Case No.
13 individual,
                                        **COMPLAINT FOR DAMAGES**
14                 Plaintiff

15 v.                                   **\*\*JURY TRIAL DEMANDED\*\***

16 SANTANDER CONSUMER USA INC
   d.b.a. DRIVE FINANCIAL
17 SERVICES, a corporation,

18                 Defendant(s).
19

20        Plaintiff alleges that, at all times relevant:

21              **JURISDICTION AND VENUE**

22        **1.**     Plaintiff has suffered injuries traceable to the actions of the defendant,

23 and the action is a case or controversy over which this Court has jurisdiction under

24 Article III of the United States Constitution.

25        **2.**     This case is brought pursuant to 15 U.S.C. § 1681(p) with pendent

26 state claims. Jurisdiction is based on 28 U.S.C. § 1331.

27        **3.**     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)

28 because the claims arose in this district.                    **COPY**

## PARTIES

**4.**     Plaintiff Chiyeko Paysinger is an individual and is a resident of San Luis Obispo, California.

**5.**     Defendant Santander Consumer USA Inc d.b.a. Drive Financial Services ("DRIVE") is a duly authorized Illinois corporation conducting business in California as a lending institution.

**6.**     DRIVE is a furnisher of information, as contemplated by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**7.**     Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendant.

**8.**     Plaintiff is a former victim of identity theft.  As a result, in November of 2007, plaintiff was issued a new social security number.  Plaintiff no longer uses her prior social security number for credit purposes.

**9.**     In January of 2008, plaintiff applied for a loan through Cardinale Protective Services, Inc. d.b.a. Coast Nissan ("CARDINALE") for the purchase of a motor vehicle using her new social security number.

**10.**     CARDINALE represented to plaintiff that it would process her credit application using only her new social security number.  CARDINALE then processed plaintiff's credit application and informed plaintiff that she qualified for 2 different vehicles in CARDINALE'S possession.

**11.**     On or about February 6, 2008, David Johnson, a salesperson for CARDINALE, informed plaintiff that the vehicles for which she qualified were located at another dealership in Southern California and that plaintiff would have to sign the purchase agreement before the vehicle that she chose would be shipped to San Luis Obispo for delivery to plaintiff.

12. On or about February 6, 2008, plaintiff and CARDINALE signed a Retail Installment Sale Contract for plaintiff's purchase of a used 2006 Chrysler Sebring from CARDINALE. David Johnson informed plaintiff that the vehicle would be in San Luis Obispo within 1 or 2 days.

13. On February 6, 2008, DRIVE showed plaintiff a document captioned "Kelley Blue Book Suggested Retail." The document purported to inform plaintiff that the total suggested retail value of the vehicle was $14,340.00.

14. Plaintiff and CARDINALE agreed upon a purchase price of $13,421.00. The total cost of the sale to plaintiff was $14,694.39 after tax, license, and other fees were added. Plaintiff made a down payment of $1,500.00 leaving a balance of $13,194.39 to be financed.

15. In connection with the transaction, CARDINALE issued to plaintiff a 30-day express warranty within the meaning of Cal. Civil Code § 1791.2, which was also a written warranty within the meaning of 15 U.S.C. § 2301(6).

16. Additionally, CARDINALE represented to plaintiff that she had a 10-day trial period in which she could exchange the vehicle for any reason.

17. Over the two week period following plaintiff's purchase of the vehicle, she contacted CARDINALE and inquired about the status of taking delivery. CARDINALE gave plaintiff the run around. Finally, David Johnson called plaintiff and informed her that the vehicle contained defects and had been towed to a location in Santa Maria, California to have repairs performed.

18. Two more weeks passed before the vehicle was ready for delivery. Plaintiff went to CARDINALE'S San Luis Obispo location and took delivery of the vehicle. At no time through the present did CARDINALE conspicuously display the federally mandated Buyer's Guide on the vehicle, nor has CARDINALE ever provided one to plaintiff.

19. Within a week of taking delivery, the vehicle exhibited defects and nonconformities which substantially impair the use, value and safety of the motor

1  vehicle to the plaintiff.

2      **20.**   Plaintiff contacted CARDINALE to inquire about the 10 day
3  exchange period and was told that she no longer had that option even though she
4  had only had possession of the vehicle for a week.

5      **21.**   Plaintiff returned the vehicle to CARDINALE for repair in March of
6  2008. The vehicle remained in CARDINALE'S possession until June 30, 2008, at
7  which time CARDINALE informed plaintiff that the vehicle had been repaired.
8  Plaintiff picked up the vehicle from CARDINALE on June 30, 2008.

9      **22.**   Despite plaintiff's request, CARDINALE refused to provide plaintiff
10  any service records documenting the repairs that had been made to the vehicle.
11  CARDINALE stated to plaintiff that the entire engine had been replaced.

12      **23.**   Plaintiff purchased the vehicle primarily for personal, family or
13  household purposes.

14      **24.**   Subsequent to plaintiff's purchase, CARDINALE assigned its rights
15  under the Retail Installment Sale Contract to DRIVE. The contract states: "ANY
16  HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL
17  CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT
18  AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT
19  HERETO."

20      **25.**   Subsequent to the assignment of the agreement to DRIVE, plaintiff
21  learned that the loan had been funded under her old social security number.
22  Essentially, CARDINALE impermissibly accessed plaintiff's credit information
23  without authorization from plaintiff.

24      **26.**   On July 9, 2008, plaintiff filed an action in the San Luis Obispo
25  Superior Court ("State Action") against CARDINALE and DRIVE alleging
26  numerous violations of both state and federal law.

27      **27.**   Based upon the numerous violations of law, and pursuant to the
28  language of the FTC Holder Rule (16 C.F.R.§ 433.2) contained in the sale

1 | contract, plaintiff rightfully withheld payment on the loan from DRIVE pending
2 | the outcome of the ongoing dispute between plaintiff, DRIVE and CARDINALE.

3 | **28.** Subsequent to the filing of the state action, on or about August 6,
4 | 2008, defendant DRIVE, with full knowledge that plaintiff had an ongoing dispute
5 | with CARDINALE and DRIVE, unlawfully and without plaintiff's consent,
6 | willfully took the vehicle and all of its contents from plaintiff under the guise of a
7 | "repossession." Defendant DRIVE has refused to return the vehicle. Plaintiff was
8 | forced to pay money to retrieve her personal belongings that were in the vehicle at
9 | the time it was stolen.

10 | **29.** Subsequent to the "repossession," DRIVE did not dispose of the
11 | vehicle as contemplated by the Automobile Sales Finance Act (Cal.Civ.Code
12 | §2981, et seq) and the California Uniform Commercial Code. In fact, to date,
13 | plaintiff is informed and believes that DRIVE has maintained possession of the
14 | vehicle.

15 | **30.** Under California law, if a secured creditor does not dispose of the
16 | collateral through the provided for legal channels, the creditor is presumed to have
17 | accepted the property in full satisfaction of any outstanding obligation under the
18 | security agreement. Because the statutory time periods have passed long ago to
19 | sell the vehicle in a commercially reasonable manner, and because the defendant
20 | has decided to keep the vehicle, plaintiff owes defendant nothing.

21 | **31.** From about March 2008, DRIVE started to report false, inaccurate,
22 | derogatory information to credit reporting agencies, including Experian, stating
23 | plaintiff was delinquent and not paying as agreed.

24 | **32.** Over time, this reporting became more derogatory and eventually
25 | included a statement that the account was "charged off.". The amount purportedly
26 | charged off is the full amount of $13,194 that DRIVE paid to CARDINALE for
27 | the contract, despite DRIVE having possession of a vehicle purportedly valued at
28 | over $14,000.00.

**33.**     On December 15, 2008, plaintiff disputed the inaccurate reporting by DRIVE with Experian.  Plaintiff's dispute was detailed and a copy of the operative First Amended Complaint from the State Action, which throughly explains the dispute, was attached to plaintiff's dispute.

**34.**     DRIVE failed to conduct a reasonable investigation in violation of 15 U.S.C. §1681s-2(b)(1)(A).  DRIVE then reverifed the reporting to Experian as a "charge of" in the full amount of $13,194.  DRIVE did not notate that the reporting continued to be disputed in violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D), 16 C.F.R. §226.13, and Cal.Civ.Code §1785.25(a).

**35.**     As a result of the derogatory information reported by DRIVE, plaintiff has been denied credit, has abstained from applying for credit, and has had adverse action taken on existing credit accounts.

**36.**     Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

AS AND FOR A FIRST CLAIM FOR RELIEF

**37.**     The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**38.**     After being informed by the credit reporting agencies that the plaintiff disputed the accuracy of the information it was providing, DRIVE negligently failed to conduct a proper investigation of the plaintiff's dispute filed with Experian as required by 15 U.S.C. § 1681s-2(b)(1)(A).

**39.**     DRIVE negligently failed to review all relevant information purportedly provided by Experian to DRIVE in conducting its investigation as required by 15 U.S.C. § 1681s-2(b)(1)(B).

**40.**     DRIVE negligently failed to direct Experian to delete inaccurate information about the plaintiff as required by 15 U.S.C. § 1681s-2(b)(1)(C).

**41.**     DRIVE negligently failed to direct Experian to notate that the information it was reporting to Experian continued to remain disputed by plaintiff,

1 | as required by 15 U.S.C. §1681s-2(b)(1)(C) and (D), and 16 C.F.R. §226.13.

2 |     **42.** The plaintiff has a private right of action to assert claims against
3 | DRIVE arising under 15 U.S.C. § 1681s-2(b).

4 |     **43.** DRIVE is liable to the plaintiff for the actual damages she has
5 | sustained by reason of its violation of the FCRA, in an amount to be determined
6 | by the trier of fact, together with her reasonable attorney's fees, and she may
7 | recover therefore pursuant to 15 U.S.C. § 1681o.

8 | AS AND FOR A SECOND CLAIM FOR RELIEF

9 |     **44.** The plaintiff repeats and realleges each and every allegation set forth
10 | above as if reasserted and realleged herein.

11 |     **45.** After being informed by Experian that the plaintiff disputed the
12 | accuracy of the information it was providing, DRIVE willfully failed to conduct a
13 | proper investigation of plaintiff's dispute filed with Experian.

14 |     **46.** DRIVE willfully failed to review all relevant information purportedly
15 | provided by Experian to DRIVE in conducting its investigation, as required by 15
16 | U.S.C. § 1681s-2(b)(1)(B).

17 |     **47.** DRIVE willfully failed to direct Experian to delete inaccurate
18 | information about the plaintiff as required by 15 U.S.C. § 1681s-2(b)(1)(C).

19 |     **48.** DRIVE willfully failed to direct Experian to notate that the
20 | information it was reporting to Experian continued to remain disputed by plaintiff,
21 | as required by 15 U.S.C. §1681s-2(b)(1)(C) and (D), and 16 C.F.R. §226.13.

22 |     **49.** The plaintiff has a private right of action to assert claims against
23 | DRIVE arising under 15 U.S.C. § 1681s-2(b).

24 |     **50.** DRIVE is liable to the plaintiff for the actual damages she has
25 | sustained by reason of its violation of the FCRA, in an amount to be determined
26 | by the trier of fact, together with an award of punitive damages in an amount to be
27 | determined by the trier of fact, as well as her reasonable attorney's fees, and she
28 | may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A THIRD CLAIM FOR RELIEF

**51.**    The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**52.**    DRIVE maliciously defamed the plaintiff by its knowing publication to third-parties of erroneous information that the plaintiff was delinquent on the account insofar as plaintiff rightfully withheld payment, in addition to DRIVE accepting the collateral in full satisfaction of any alleged obligation under the security agreement.

**53.**    DRIVE had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

**54.**    DRIVE's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

**55.**    As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

**56.**    DRIVE is liable to the plaintiff for the actual damages she has sustained by reason of such conduct.

**57.**    The plaintiff is entitled to an award of punitive damages from DRIVE in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

**58.**    The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**59.**    California Civil Code §1785.25(a) prohibits any person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

**60.**    California Civil Code §1785.25(c) prohibits any person from

reporting disputed information to a credit reporting agency without also including a notice that the information is disputed by the consumer.

**61.** DRIVE violated Civil Code §1785.25(a) by knowingly reporting incomplete or inaccurate information to Experian regarding plaintiff.

**62.** DRIVE violated Civil Code §1785.25(c) by reporting disputed information to Experian about plaintiff without including a notice that the information is disputed.

**63.** As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

**64.** DRIVE is liable to the plaintiff for the actual damages she has sustained by reason of its violations herein, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to Civil Code §1785.31.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against DRIVE as follows:

1. For incidental and consequential damages.
2. For actual and statutory damages.
3. For punitive damages.
4. Damages for pain and suffering.
5. Damages for emotional distress
6. For reasonable attorney fees according to proof.
7. For costs and expenses incurred herein.
8. For such other relief as the Court deems proper.

///
///
///

1  Dated:          February 6, 2009          MAKLER & BAKER LLP

                                           TERRY L. BAKER
                                           Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.


                                           MAKLER & BAKER LLP


                                           TERRY L. BAKER
                                           Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 1107 FMC (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHIYEKO PAYSINGER, an individual

PLAINTIFF(S)

v.

SANTANDER CONSUMER USA INC d.b.a.
DRIVE FINANCIAL SERVICES, a corporation

DEFENDANT(S).

CASE NUMBER

**CV09-01107**

**SUMMONS**

TO:   DEFENDANT(S):  SANTANDER CONSUMER USA INC

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Terry L. Baker _____ , whose address is  820 Bay Avenue, Suite 230J, Capitola, CA 95010 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   FEB 17 2009

By: _____
          Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Chiyeko Paysinger | Santander Consumer USA, Inc. dba Drive Financial Services |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Makler & Baker LLP<br>820 Bay Avenue, Suite 230J<br>Capitola, CA 95010 (831) 476.7900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:  ___CV09-01107___

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

(c)COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  2-11-09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |